and the next case is the related case 23-1135 Lindgren versus McDonough and again Ms. McKenna. So the difference here is that Mr. Lindgren did seek interim relief from the board. Exactly, your honors. That's the distinction here and he did so directly in response to the court's guidance in Love. And what we saw, again, and not to rehash things that we've discussed in Love, was that that distinction was meaningless. The veterans court still reached the decision that it didn't have jurisdiction. And the error in the veterans court's decision there is siphoning out the petition from the AOJ. The veterans court said you didn't ask us to force a decision on that question by the board, right? They did, your honor, and in reaching that answer they separated the AOJ demand from the entirety of the petition. So did the petition ask for interim relief to force the board to decide the question? I would point, your honor, to the same language that I mentioned in the Love appeal, of that the fourth request for relief that would request any relief that would aid jurisdiction. And to your honors' points, if compelling an order from the board would aid jurisdiction, then it would be within what the petition sought here. And the veterans court, the way they addressed his petition was basically taking the AOJ demand separately, dismissing the petition because of everything that happened in Love, and then looking only at the AOJ demand. But his petition relies on the AOJ demand as a whole of the petition. And so the veterans court should have considered the petition in light of the AOJ demand and not separate from it. Mr. Lindgren, following what he perceived as the advice from the veterans court at Love, he went to the RO, correct? That's correct. He went to the AOJ. Yes. And instead of the AOJ reaching a decision on that, the board said, we're actually going to decide that. So they precluded the AOJ from reaching a decision and they withheld a decision until they reached the merits of his appeal, which at this point hasn't even been assigned to a veterans law judge. So we're still in a waiting period. Well, let me ask you, assume for the moment the AOJ had decided the issue adverse to Mr. Lindgren. He then would have had to petition the board, correct? Yes, your honor. So in effect, it's gotten to the board quicker than it would have, hasn't it? That was the only thing I didn't understand in the briefing. There seemed to be some complaint about the fact that the board took the case from the AOJ. And I would think that that moves things faster than if you wait for an AOJ decision and then it goes up to the board. Do you understand what I'm saying? I do, your honor. And two responses. First, that assumes that the AOJ was going to rule against Mr. Lindgren. And the AOJ very well could have ruled in his favor. And so the board has now precluded that from happening. And the second response is that the board has said it won't reach a decision until the merits are decided. So they've prevented a decision from the agency and withheld a decision until they reached the merits. But again, couldn't there be the avenue of relief here, as was suggested in your discussion with Judge Dyke in the earlier case, of seeking an order from the veterans court directing the board to untie Mr. Lindgren's issue from the ultimate merits? And we don't dispute that if this court can provide that relief that we think is within the petition that the veterans have raised, we certainly would seek broader relief than that. But if that's all that can be said. Couldn't you go back now?  Go back, yes. Well, it's the weekend. But next week. Theoretically, couldn't you go back to the agency? To the veterans court and say, direct the board to do this? To rely on Mr. Lindgren's claim with respect to payments pending resolution of the merits? Ultimately, that's just further delaying the relief here. We submit that the petition has already been. Why is that further delaying the relief? Because there is already a petition pending before the veterans court that seeks the same relief that we're talking, a broader relief that we're talking about. But the relief of getting the veterans court to compel a decision from the board is encompassed within that petition in that paragraph beginning with fourth. Where did you argue in your blue brief that the veterans court was wrong in reading your petition as not asking to compel a decision by the board? What we argued and maybe not clearly enough, Your Honor, is that that is not the sole decision that we're asking for. We certainly think. Where did you ask? Where did you say they misconstrued our mandamus petition? We were asking the veterans court to order a ruling on the interim relief issue. Your Honor, it doesn't say that because we're not. That's not the relief that we're seeking. We're seeking broader relief than that. So if that's the only relief that your honors find applicable, then we would accept that. I would think, you know, mandamus is a very specific and unusual kind of relief. The cases seem to teach that. And correct me if I'm wrong, but that would suggest that you have to be very specific in terms of what you're asking for so that the court can look at it and say, okay, there's a fair point. They're entitled to it. Or no, they're not. It just can't be a broad kind of thing. Yes, Your Honor. And we have been specific in seeking the specific relief of compelling unlawfully withheld agency action. The broader request under that is only to seek relief that would aid jurisdiction of that question. If the only relief that your honors find applicable here is something that would aid jurisdiction by compelling the veterans court to compelling the board to reach a decision on the implementation issue, then we would submit that within what is requested, even though the request for relief is broader than that. I guess the suggestion is that you would be better off in getting a prompt resolution of these issues, which you are interested in, which the government should be interested in, which the system should be interested in, if you follow proper procedures to get there. And here we have an appeal, which on its face seems not to be the correct procedure for bringing this issue up. And as a result of that, there's been a delay of a year, maybe more than a year, in the resolution of this issue. That's the difficulty. I understand, Your Honor. And we would submit that that difficulty is not born solely out of the veterans' actions here, but also born out of the government's actions in intercepting the demand filed at the agency level seeking a decision on this issue. Could they argue to the board that there shouldn't be a decision on interim relief until a final decision? Could you repeat? I'm misunderstanding. Did the government, did the Veterans Administration argue before the board that there should be no decision on the interim relief question until there was a final decision on the merits of the claim? That decision hasn't been presented to the board, so there hasn't been a way for them to argue it. Instead, they've argued in their reply briefing to the Veterans Court that the board will not address the issue until it addresses the merits. When you're referring to the response to the reply briefing, I want to make sure, see if I understand. Are you referring to the briefing that the VA submitted in response to the court's, Veterans Court's, July 21, 2021 order, where they answered the question about Mr. Lindgren's petition going first to the AOJ, but then, in your words, being shunned over, hijacked, or whatever, ever to the board. Is that correct? And they said why? Yes, it's the reply after the court lifted the stay based on love. And that's the first time that Mr. Lindgren also learned that the board would be addressing it instead of the agency. And so we would submit that there is a clear block here. The Veterans Court is preventing a decision, and this claim for relief can't be addressed without mandamus authority, similar to the transfer cases and similar to what the Supreme Court addressed in FTC. And my remaining arguments address the alternative avenues for relief, but I'm not going to get into them further given our earlier discussions today. So unless your honors have further questions, I'll cede the rest of my time to rebuttal. Okay, thank you. Thank you. Ms. Baum. Did the government argue that the board should not reach a decision on the interim relief question until it ruled on the final claim? Your Honor, are you asking whether the VA's argument to the Veterans Court was that the board should not? Yeah. I don't believe so. I think that the point that the No, I hope not. Understood, Your Honor. I think the point that the Secretary was trying to make to the Veterans Court was the effect, the statutory and regulatory scheme is not ambiguous here. The statute is clear and the regulation is also clear and specifically discusses payment in 38 CFR 3.501A. It says when the effective date is, specifically for reductions and discontinuances, and then it says that the reduced rate shall be payable the next day. So it's, again, both the statutory and the regulatory sources are law. The VA is bound by that. So the Secretary was arguing that point, and again, which is really a merits point to regard, and that's how when the board is assessing these issues, they're applying their regulations, they're applying the statute. So I think those are the merits points the Secretary was making. But as we've been discussing, the real issue here is the procedural issue, because this is a mandamus petition, and the question is, did the Veterans Court correctly hold, it didn't have jurisdiction over the substantive relief and then deny on the procedural relief because there was no request for it. And on the procedural brief, not only in the blue brief, there was never a request to the Veterans Court to order procedural relief of the VA, but at page 34 of the opening brief here, Mr. Lindgren quotes the Veterans Court statement of that. The court recognized this, explaining that in his petition, the petitioner did not ask the court to compel VA to respond to his November 2021 request. That was cited in the opening brief, not rebutted as being error in any way, not second guess. So mandamus is special relief. The petitioner has to say what they want. And in this case, it's always been clear. What they want is for the Veterans Court to decide the substantive issue and to order the money payments. But that's an issue arising under 501. Congress has delegated the VA to make decisions. Excuse me for interrupting you, but in looking at this, when I was discussing a little bit with Ms. McKenna this response to the July 21 order, I guess the last sentence of this before the wherefore clause says, the November 21 arguments, those are the arguments that were involved in the Lindgren petition to the AOJ. May I ask what appendix page are you? I'm not sure if all of it was in the appendix. We had to go online and get it. Oh, I see. It's the VA's response. Yes, okay. Okay. And I am quoting, I'm reading accurately, it says, the November 21 arguments, which are the arguments that were made to the AOJ, correct, will be considered by the board in the context of his, meaning Mr. Lindgren's, pending appeal of the June 21, 2021 rating decision. Okay. So what you're saying is that, and it would seem that if at that point there was dissatisfaction with that, the course it would have been for some kind of a petition to get the board to separate out from the merits of the reduction, the November 2021 action. Is that correct? Yes. I think that's right. And I think that's where we landed. That seems to be the substance of the discussion that's been going on with Judge Dyke. Exactly. I think that's where we landed in the last argument that a petition, that there could be jurisdiction for a petition there. Now, I don't think we necessarily agree that there is a clear and indisputable right to have it separated, given what I discussed before about the regulation and the payment being linked with the effective date. But we agree. You're confusing two things. One, is there a right to a decision on it? Exactly. The second question is, what should the decision be? Certainly, they had a right to a decision on the interim relief question. And it has to be that the board was wrong in saying, oh, well, we'll postpone that until we decide the merits. Well, again, Your Honor, I think where I can agree with you is that the mandamus petition would be available to ask for that. And I wouldn't want to prejudge the government's position on the clear and indisputable right, even on the interim piece. But I agree that the mandamus petition would be procedural relief. If the claim is there's a block as to interim relief, the board decision will not issue as to the interim relief. That's an inappropriate block in the statutory appellate process. Then that would be a mandamus issue. The issue presented here is not a mandamus issue because it's asking to demand the VA to pay money. Respond as a housekeeping point. What I was reading from a minute ago was an appendix 230. Yes, I tracked it down eventually. Yeah, thank you, Your Honor. I'm sorry. I should have noted that. No apology needed at all, Your Honor. Anything more? No, Your Honor. Okay, thank you. Further, Ms. McKenna? Just briefly, I'm not going to rehash the arguments. Just that this court doesn't need to reach the merits. We're not asking this court to do so in the first instance. And I would like to thank Your Honors for the opportunity to provide oral argument today. Okay, thank you. Thank all counsel. The case is submitted.